Receipt Number
549728

11

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DISABLED PATRIOTS OF AMERICA, INC.,
a Florida Not-For-Profit Corporation, and
EFREM WALKER, Individually,

Plaintiffs,

v.

JK MANAGEMENT, INC.
a Michigan Corporation,

Defendant.

Case: 2:06-cv-14574
Assigned To: Taylor, Anna Diggs
Referral Judge: Capel, Wallace
Filed: 10-19-2006 At 02:46 PM
CMP DISABLED PATRIOTS VS JK MANAGEM ENT (LE)

_________________________________/

STEVEN E. GOREN (P36581)
GOREN, GOREN & HARRIS, P.C.
Co-Counsel for Plaintiffs
30400 Telegraph Road, Suite 470
Bingham Farms, MI 48025-5818
(248) 540-3100

LAWRENCE A. FULLER
FULLER, FULLER & ASSOCIATES, P.A.
Counsel for Plaintiffs
12000 Biscayne Boulevard, Suite 609
North Miami, FL 33181
(305) 891-5199

_________________________________/

**COMPLAINT**
(Injunctive Relief Demanded)

Plaintiffs, DISABLED PATRIOTS OF AMERICA, INC., a Florida Not-For-Profit Corporation, and EFREM WALKER, Individually, on their behalf and on behalf of all other individuals similarly situated, (sometimes referred to as "Plaintiffs"), hereby sue the Defendant, JK MANAGEMENT, INC., a Michigan Corporation (sometimes referred to as "Defendant"), for Injunctive Relief, and attorney's fees, litigation expenses, and costs pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181 e. ("ADA").

1. Plaintiff, EFREM WALKER, is an individual residing in Pontiac, Michigan, in the County of Oakland.

2. Plaintiff, Disabled Patriots of America, Inc., is a not-for-profit corporation formed under the laws of the State of Florida. Disabled Patriots maintains its principal office in Lake Worth, Florida, in the County of Palm Beach.

3. Defendant's property, The Baldwin Plaza, is located at 767-775 Baldwin Avenue, Pontiac Michigan 48340, in the County of Oakland.

4. Venue is properly located in the United States District Court for the Eastern District of Michigan, because venue lies in the judicial district of the property situs. The Defendant's property is located in, and does business within, this judicial district.

5. Pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1343, this Court has been given original jurisdiction over actions which arise from the Defendant's violations of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq*. See also 28 U.S.C. § 2201 and § 2202.

6. Plaintiff EFREM WALKER is an Michigan resident, is *sui juris*, and qualifies as an individual with disabilities as defined by the ADA. Mr. Walker has visited the property which forms the basis of this lawsuit and plans to return to the property to avail himself of the goods and services offered to the public at the property. The individual Plaintiff, EFREM WALKER, has encountered architectural barriers at the subject property. The barriers to access at the property have endangered his safety. Plaintiff EFREM WALKER is also a member of the Plaintiff organization, Disabled Patriots of America, Inc., discussed below in paragraph 7.

7. Plaintiff, Disabled Patriots, is a not-for-profit corporation formed under the laws of the

State of Florida. Members of this organization include individuals with disabilities as defined by the ADA, and they are representative of a cross-section of the disabilities to be protected from discrimination by the ADA. The purpose of this organization is to represent the interest of its members by assuring places of public accommodation are accessible to and usable by the disabled and that its members are not discriminated against because of their disabilities. Disabled Patriots and its members have suffered and will continue to suffer direct and indirect injury as a result of the Defendant's discrimination until the Defendant is compelled to comply with the requirements of the ADA. One or more of its members has suffered an injury that would allow it to bring suit in its own right. Disabled Patriots has also been discriminated against because of its association with its disabled members and their claims.

8. Defendant owns, leases, leases to, or operates a place of public accommodation as defined by the ADA and the regulations implementing the ADA, 28 CFR 36.201(a) and 36.104. Defendant is responsible for complying with the obligations of the ADA. The place of public accommodation that the Defendant owns, operates, leases or leases to is known as The Baldwin Plaza and is located at 767-775 Baldwin Avenue, Pontiac, MI 48340, in the County of Oakland.

9. Disabled Patriots and Efrem Walker have a realistic, credible, existing and continuing threat of discrimination from the Defendant's non-compliance with the ADA with respect to the property described but not necessarily limited to the allegations in paragraph 11 of this Complaint. Plaintiffs have reasonable grounds to believe that they will continue to be subjected to discrimination in violation of the ADA by the Defendant. Efrem Walker desires to visit The Baldwin Plaza not only to avail himself of the goods and services

available at the property but to assure himself that this property is in compliance with the ADA so that he and others similarly situated will have full and equal enjoyment of the property without fear of discrimination.

10. The Defendant has discriminated against the individual Plaintiff and members of the corporate Plaintiff organization by denying them access to, and full and equal enjoyment of, the goods, services, facilities, privileges, advantages and/or accommodations of the buildings, as prohibited by 42 U.S.C. § 12182 *et seq.*

11. The Defendant has discriminated, and is continuing to discriminate, against the Plaintiff in violation of the ADA by failing to, *inter alia*, have accessible facilities by January 26, 1992 (or January 26, 1993, if Defendant has 10 or fewer employees and gross receipts of $500,000 or less). A preliminary inspection of The Baldwin Plaza has shown that violations exist. These violations include, but are not limited to:

**Parking**

A. The disabled use spaces do not have clear and level access aisles provided, violating Sections 4.1.2, and 4.6.3 of the ADAAG whose resolution is readily achievable.

B. There is no accessible route from the parking areas to the facility. This violates Section 4.3.2 of the ADAAG whose resolution is readily achievable.

C. There are no signs designating the disabled use spaces, in violation of Section 4.6.4 of the ADAAG whose resolution is readily achievable.

D. The ramps provided from the parking areas to the facility have slopes and side-slopes in excess of the limits prescribed in Section 4.8 of the ADAAG whose resolution is readily achievable.

**Entrance Access and Path of Travel**

A. There are no accessible routes from the public transportation stops, sidewalk and parking areas. There are violations of the requirements in Sections 4.3.2, 4.5.2, 4.7.1, and 4.8.2 of the ADAAG whose resolution is readily achievable.

B. The clear width at doors to the facility is less than the prescribed minimums, in violation of Sections 4.13.5 and 4.13.6 of the ADAAG whose resolution is readily achievable.

C. There are stairs provided at the facility that do not comply with the standards prescribed in Section 4.9 of the ADAAG whose resolution is readily achievable.

D. There is not a continuous path of travel connecting all essential elements of the facility, in violation of Sections 4.3.1 and 4.3.2 of the ADAAG whose resolution is readily achievable.

**Access to Goods and Services**

A. There are permanently designated interior spaces without proper signage in violation of Section 4.1.2 and 4.30 of the ADAAG whose resolution is readily achievable.

B. There are counters throughout the facility in excess of 36ö, in violation of Section 7.2(1) of the ADAAG whose resolution is readily achievable.

C. There are restrooms for public use at the facility without the required disabled use elements, in violation of several Sections of the ADAAG whose resolution is readily achievable.

D. There are self-service areas with dispensers whose controls are outside of the reach ranges prescribed in Section 4.2 of the ADAAG whose resolution is readily

achievable.

**Restrooms**

A. The grab-bars in the toilet room stalls do not comply with the requirements prescribed in Sections 4.17.6 and 4.26 of the ADAAG whose resolution is readily achievable.

B. There are dispensers provided for public use in the restrooms. They have controls outside the reach ranges prescribed in Section 4.27 of the ADAAG whose resolution is readily achievable.

C. There are amenities provided for public use that do not comply with the requirements of the ADAAG whose resolution is readily achievable.

12. The discriminatory violations described in paragraph 11 are not an exclusive list of the Defendant's ADA violations. Plaintiffs require the inspection of the Defendant's place of public accommodation in order to photograph and measure all of the discriminatory acts violating the ADA and all of the barriers to access. The individual Plaintiff, the members of the Plaintiff group, and all other individuals similarly situated, have been denied access to, and have been denied the benefits of services, programs and activities of the Defendant's buildings and its facilities, and have otherwise been discriminated against and damaged by the Defendant because of the Defendant's ADA violations, as set forth above. The individual Plaintiff, the members of the Plaintiff group and all others similarly situated will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA as requested herein. In order to remedy this discriminatory situation, the Plaintiff requires an inspection of the Defendant's place of public accommodation in order to determine all of the areas of non-compliance with the

Americans with Disabilities Act.

13. Defendant has discriminated against the individual and corporate Plaintiffs by denying them access to full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of its place of public accommodation or commercial facility in violation of 42 U.S.C. § 12181 *et seq*. and 28 CFR 36.302 *et seq*. Furthermore, the Defendant continues to discriminate against the Plaintiff, and all those similarly situated by failing to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such efforts that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

14. Plaintiffs are without adequate remedy at law and are suffering irreparable harm. Plaintiffs have retained the undersigned counsel and are entitled to recover attorney's fees, costs and litigation expenses from the Defendant pursuant to 42 U.S.C. § 12205 and 28 CFR 36.505.

15. Defendant is required to remove the existing architectural barriers to the physically disabled when such removal is readily achievable for its place of public accommodation that has existed prior to January 26, 1992, 28 CFR 36.304(a); in the alternative, if there August 24, 2006 has been an alteration to Defendant's place of public accommodation since January 26, 1992, then the Defendant is required to ensure to the maximum extent feasible, that the altered portions of the facility are readily accessible to and useable by individuals with disabilities, including individuals who use wheelchairs, 28 CFR 36.402;

and finally, if the Defendant's facility is one which was designed and constructed for first occupancy subsequent to January 26, 1993, as defined in 28 CFR 36.401, then the Defendant's facility must be readily-accessible to and useable by individuals with disabilities as defined by the ADA.

16. Notice to Defendant is not required as a result of the Defendant's failure to cure the violations by January 26, 1992 (or January 26, 1993, if Defendant has 10 or fewer employees and gross receipts of $500,000 or less). All other conditions precedent have been met by Plaintiffs or waived by the Defendant.

17. Pursuant to 42 U.S.C. § 12188, this Court is provided with authority to grant Plaintiffs Injunctive Relief, including an order to require the Defendant to alter The Baldwin Plaza to make those facilities readily accessible and useable to the Plaintiffs and all other persons with disabilities as defined by the ADA; or by closing the facility until such time as the Defendant cures its violations of the ADA.

**WHEREFORE,** Plaintiffs respectfully request:

a. The Court issue a Declaratory Judgment that determines that the Defendant at the commencement of the subject lawsuit is in violation of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq.*

b. Injunctive relief against the Defendant including an order to make all readily-achievable alterations to the facility; or to make such facility readily accessible to and usable by individuals with disabilities to the extent required by the ADA; and to require the Defendant to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with

disabilities; and by failing to take such steps that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

c. An award of attorney's fees, costs and litigation expenses pursuant to 42 U.S.C. § 12205.

d. Such other relief as the Court deems just and proper, and/or is allowable under Title III of the Americans with Disabilities Act.

Respectfully submitted,

Lawrence A. Fuller
Attorneys for Plaintiffs
FULLER, FULLER & ASSOCIATES, P.A.
12000 Biscayne Boulevard, Suite 609
North Miami, Florida 33181
(305) 891-5199
(305) 893-9505 - Fax

and

GOREN, GOREN & HARRIS, P.C.

By______________________
Steven E. Goren (P36581)
Attorneys for Plaintiffs
30400 Telegraph Road, Suite 470
Bingham Farms, Michigan 48025-5818
(248) 540-3100
(248) 540-3136 - Fax

Dated: October 17, 2006

JS 44 (Rev. 11/04) **CIVIL COVER SHEET** County in which this action arose: Oakland County

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I. (a) PLAINTIFFS**
DISABLED PATRIOTS OF AMERICA, INC., a Florida not for profit corporation and EFREM WALKER, individually

**DEFENDANTS**
JK MANAGEMENT, INC.
a Michigan corporation

(b) County of Residence of First Listed Plaintiff: Palm Beach County, FL
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant: ______
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
Fuller, Fuller & Assoc., P.A. 305-891-5199/Goren, Goren & Harris, P.C. 248-540-3100
12000 Biscayne Blvd., Suite 609 / 30400 Telegraph Road, Suite 470
North Miami, FL 33181 / Bingham Farms, MI 48025

Attorneys (If Known)

**II. BASIS OF JURISDICTION** (Select One Box Only)

☐ 1 U.S. Government Plaintiff
☑ 3 Federal Question (U.S. Government Not a Party)
☐ 2 U.S. Government Defendant
☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (Select One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citize[n of Another State] | | | | | ☐ 5 |
| Citize[n or Subject of a] Fo[reign Country] | | | | | ☐ 6 |

Case: 2:06-cv-14574
Assigned To: Taylor, Anna Diggs
Referral Judge: Capel, Wallace
Filed: 10-19-2006 At 02:46 PM
CMP DISABLED PATRIOTS VS JK MANAGEMENT (LE)

**IV. NATURE OF SUIT** (Select One Box Only)

**CONTRACT**
☐ 110 Insurance
☐ 120 Marine
☐ 130 Miller Act
☐ 140 Negotiable Instrument
☐ 150 Recovery of Overpayment & Enforcement of Judgment
☐ 151 Medicare Act
☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans)
☐ 153 Recovery of Overpayment of Veteran's Benefits
☐ 160 Stockholders' Suits
☐ 190 Other Contract
☐ 195 Contract Product Liability
☐ 196 Franchise

**REAL PROPERTY**
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

446

**TORTS**
PERSONAL INJURY
☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers' Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury

PERSONAL INJURY
☐ 362 Personal Injury - Med. Malpractice
☐ 365 Personal Injury - Product Liability
☐ 368 Asbestos Personal Injury Product Liability

PERSONAL PROPERTY
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

**CIVIL RIGHTS**
☐ 441 Voting
☐ 442 Employment
☐ 443 Housing/ Accommodations
☐ 444 Welfare
☐ 445 Amer. w/Disabilities - Employment
■ 446 Amer. w/Disabilities - Other
☐ 440 Other Civil Rights

**PRISONER PETITIONS**
☐ 510 Motions to Vacate Sentence
Habeas Corpus:
☐ 530 General
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition

**FORFEITURE/PENALTY**
☐ 610 Agriculture
☐ 620 Other Food & Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 R.R. & Truck
☐ 650 Airline Regs.
☐ 660 Occupational Safety/Health
☐ 690 Other

**LABOR**
☐ 710 Fair Labor Standards Act
☐ 720 Labor/Mgmt. Relations
☐ 730 Labor/Mgmt.Reporting & Disclosure Act
☐ 740 Railway Labor Act
☐ 790 Other Labor Litigation
☐ 791 Empl. Ret. Inc. Security Act

**BANKRUPTCY**
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

**SOCIAL SECURITY**
☐ 861 HIA (1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g))
☐ 864 SSID Title XVI
☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
☐ 870 Taxes (U.S. Plaintiff or Defendant)
☐ 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
☐ 400 State Reapportionment
☐ 410 Antitrust
☐ 430 Banks and Banking
☐ 450 Commerce
☐ 460 Deportation
☐ 470 Racketeer Influenced and Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Sat TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/ Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 890 Other Statutory Actions
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 895 Freedom of Information Act
☐ 900 Appeal of Fee Determination Under Access to Justice
☐ 950 Constitutionality of State Statutes

**V. ORIGIN** (Select One Box Only)
☑ 1 Original Proceeding ☐ 2 Removed from State Court ☐ 3 Remanded from Appellate Court ☐ 4 Reinstated or Reopened ☐ 5 Transferred from another district (specify) ☐ 6 Multidistrict Litigation ☐ 7 Appeal to District Judge from Magistrate Judgment

**VI. CAUSE OF ACTION**
Cite the U.S. Civil Statute under which you are filing (**Do not cite jurisdictional statutes unless diversity**):
42 USC Sec. 12188 et seq.
Brief description of cause:
Action for injunctive relief for violation of the public accommodations provisions of the Americans with Disabilities Act

**VII. REQUESTED IN COMPLAINT:** ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23 **DEMAND $** CHECK YES only if demanded in complaint: **JURY DEMAND:** ☐ Yes ☑ No

**VIII. RELATED CASE(S) IF ANY** (See instructions): JUDGE ______ DOCKET NUMBER ______

DATE
October 17, 2006

SIGNATURE OF ATTORNEY OF RECORD
[signature]

**FOR OFFICE USE ONLY**

RECEIPT # ______ AMOUNT ______ APPLYING IFP ______ JUDGE ______ MAG. JUDGE ______

PURSUANT TO LOCAL RULE 83.11

1. Is this a case that has been previously dismissed?

☐ Yes
☑ No

If yes, give the following information:

Court: ______________________

Case No.: ______________________

Judge: ______________________

2. Other than stated above, are there any pending or previously discontinued or dismissed companion cases in this or any other court, including state court? (Companion cases are matters in which it appears substantially similar evidence will be offered or the same or related parties are present and the cases arise out of the same transaction or occurrence.)

☐ Yes
☑ No

If yes, give the following information:

Court: ______________________

Case No.: ______________________

Judge: ______________________

Notes :